UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION - COLUMBUS

| | |
|---|---|
| REBA LUNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:12-cv-348 |
| v. ) | |
| ) | **Jury Trial Demanded** |
| CREDIT BUREAU COLLECTION ) | |
| SERVICES, INC. D/B/A CBCS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Reba Luning, ("Plaintiff"), is a natural person who at all relevant times resided in the State of Ohio, County of Athens, and City of Glouster.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Credit Bureau Collection Services, Inc. d/b/a CBCS ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.  Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt in default, Defendant called Plaintiff's home telephone on December 14, 2011, and at such time, left a voicemail message.

12. Plaintiff returned Defendant's call on December 14, 2011, and at such time, Plaintiff spoke with Defendant's agent and/or employee "Maggie," and during such communication, Defendant stated to Plaintiff that the alleged debt was for medical services incurred on November 11, 2005 by Plaintiff's husband's son, demanded that a payment plan be set up, and further stated to Plaintiff that it would send proof that Plaintiff owed the alleged debt.

13. In connection with collection of an alleged debt in default, Defendant sent Plaintiff its initial written communication on or about December 15, 2011, and in such initial communication, Defendant failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. §1692g(a) et. seq.

14. Plaintiff called Defendant on December 19, 2011, having not yet received Defendant's December 15, 2011 letter, and at such time, spoke with Defendant's agent and/or employee "Louis," and during such conversation, asked Defendant if the statute of limitations had passed on the November 11, 2005 debt.

15. In response, during the telephone conversation of December 19, 2011, Defendant first stated to Plaintiff that the statute of limitations was three years.  Later during the same communication, Defendant stated to Plaintiff that the statute of

limitations was seven years, and finally, also during the same communication, Defendant stated to Plaintiff that the statute of limitations was twenty years.

16. In its telephone conversation of December 19, 2011, Defendant used false representations and deceptive practices, in connection with collection of an alleged debt from Plaintiff, including, but not limited to, misrepresenting the statute of limitations to Plaintiff in an attempt to coerce Plaintiff into setting up a payment plan.

17. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

18. Plaintiff repeats and re-alleges each and every allegation contained above.

19. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

20. Plaintiff repeats and re-alleges each and every allegation contained above.

21. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to, making multiple misrepresentations concerning the applicable statute of limitations concerning such alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f

22. Plaintiff repeats and re-alleges each and every allegation contained above.

23. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with collection of an alleged debt from Plaintiff including, but not limited to, making multiple misrepresentations concerning the applicable statute of limitations concerning such alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(a)

24. Plaintiff repeats and re-alleges each and every allegation contained above.

25. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby demands a trial by jury.

This 18th day of April 2012.

                    WEISBERG & MEYERS, LLC

                    /s/ Ronald S. Weiss
                    Ronald S. Weiss
                    Ohio Bar No. 0076096
                    7035 Orchard Lake Road, Suite 600
                    West Bloomfield, MI 48322
                    RWeiss@AttorneysForConsumers.com
                    (888) 595-9111 ext. 230
                    (866) 565-1327 Fax
                    *Lead Counsel for Plaintiff*

                    **Correspondence address**

                    Weisberg & Meyers, LLC
                    5025 N. Central Ave., #602
                    Phoenix, AZ 85012